## AMERICAN ARBITRATION ASSOCIATION

HOFFMAN CONSTRUCTION COMPANY
OF AMERICA,

                  Claimant,

v.

JRS PROPERTIES III, L.P., JR SIMPLOT
FOUNDATION, INC., and SBP LLP

                  Respondents.

No.

**HOFFMAN CONSTRUCTION
COMPANY OF AMERICA'S
ARBITRATION AND MEDIATION
DEMAND**

---

On December 1, 2008, Hoffman Construction Company of America ("Hoffman") entered into a contract with JR Simplot Foundation, Inc. for the Simplot Foundation Park and Studio Complex ("the **Foundation**") in Boise, Idaho and separately entered into an agreement with SBP LLP to build an office complex with parking and support facilities ("the **Office Building**"). On June 9, 2010, Hoffman entered into a contract with JRS Properties III, L.P. to demolish the existing structures, prepare the site, and mobilize for the Foundation and Office Building ("**Site Preparation Project**"). These three construction projects ("**Projects**") were located on adjoining properties, overlapped in time, and shared a number of staffing and administrative resources. For purposes of this pleading, the Respondents are therefore referred to collectively as "**Simplot**".

The Projects sustained substantial delays while Simplot decided on its final design scope, issuing many design changes in the process. There were also some delays caused by adverse weather. The delays and design changes collectively caused substantial increases in Hoffman's General Conditions costs. In addition, Simplot required Hoffman to add work for furniture, fixture, and equipment ("FFE") scopes without paying associated General Conditions costs and in some cases without paying for them at all. Simplot's multiple accounting shifts and cost allocations between the Projects made it impractical to fully predict the time and cost impacts of these issues as they were occurring. Hoffman values its relationship with the Simplot entities and worked

1



diligently to accommodate Simplot's changes and evolving designs on the Projects. As a result, however, Hoffman is entitled to equitable compensation for increased costs in a principal amount that has been estimated at $4,425,988.65.

After negotiating for a number of months on Hoffman's unreimbursed General Conditions costs, Respondents changed direction and announced that they refused to authorize any further compensation. Pursuant to the terms of the parties' contracts, Hoffman therefore demands arbitration and mediation of this matter.

## I.   FACTUAL ALLEGATIONS

### A. Contract Agreements

Hoffman and Simplot modified the AIA forms that were used as contracts for the Projects - specifically the A133 and A201. In the A133, the Contract states "[i]n an effort to resolve any claim, dispute or other matter in question arising out of or related to this Agreement or breach thereof, either party may request mediation in accordance with the Construction Industry Mediation Rules of the American Arbitration Association..." The A201 states "[a]ny claim arising out of or related to the Contract...shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation..." It follows that this dispute is properly subject to arbitration.

On February 7, 2019, Hoffman submitted a Notice of Claim letter to the architect, Adamson Associates Inc. ("AAI"). On February 19, 2019, AAI advised that it was unable to resolve Hoffman's claim because the architects lacked sufficient information and because it would be inappropriate for AAI to resolve the claim. On March 11, 2019, Hoffman submitted its claim to Simplot and requested that the parties proceed to mediation. On March 27, 2019, Simplot advised that it declined to mediate the matter. On April 5, 2019, Hoffman requested that Simplot reconsider mediation and billed for Hoffman's remaining retainage. On April 16, 2019, Simplot again declined to mediate.

B. <u>Claim Items</u>

  1. Delayed Design from Owner Decisions

      a. Weather Delay at Park

On January 23, 2017, Hoffman's subcontractor, McAlvain, determined that weather conditions due to snow and ice were too dangerous to continue and reduced its onsite labor to a skeleton crew. On January 27, 2017, Simplot agreed to shut the job down due to adverse weather. This shutdown continued until February 4, 2017. For these 10 working days of delay, Hoffman incurred an additional $72,926.00 in General Conditions costs that have not been reimbursed.

      b. Payment Delay

On February 7, 2017, McAlvain informed Hoffman that it would not re-staff the Projects until it received payment for Pay Applications 66-68. Hoffman had submitted Pay Applications 66-68 between October and December 2016. Simplot delayed payment of Pay Applications 66-68 until March 17, 2017. After receiving payment on or about March 20, 2017, McAlvain required a week to remobilize-staff the Projects as its workers had been assigned to other jobs, and McAlvain resumed work on April 3, 2017. Simplot's unexcused late payment delayed the Projects approximately 38 working days, which caused Hoffman to incur an additional $165,857.00 in General Conditions costs.

      c. ASI 73 Delay

Architect's Supplemental Instruction ("ASI") 73 added a large water fountain to the Parkscape. The fountain design suffered multiple delays not attributable to Hoffman, and it was not ultimately finalized until October 1, 2017. The site had been ready to begin construction of the fountain back on August 16, 2017, and, as a result of late design, the Projects were delayed approximately 32 working days, which caused Hoffman to incur an additional $113,831.00 in General Conditions costs.

d. Incomplete Parkscape Design

Although Hoffman and Simplot contracted for the Parkscape in December 2008, that scope experienced significant delays due to the time required for Simplot to complete its design, decide on its budget, and make necessary decisions on the work that would go forward. These issues prolonged all three Projects because the Parkscape was on the overall critical path schedule. Simplot's design-related delays delayed the Projects approximately 304 days between June 3, 2013 through August 18, 2014, which caused Hoffman to incur an additional $3,874,604.00 in General Conditions costs.

e. Tractor Canopy Procurement Delay

The tractor canopy was a glass structure designed to cover the tractors installed in the Parkscape. Simplot's failure to pay for the glass delayed material orders by almost three months from April 8, 2017 through June 28, 2017, causing an overall delay of approximately 56 working days. This in turn caused Hoffman to incur an additional $244,420.00 in General Conditions costs.

2. High Volume of Design Changes

In addition to the specific design delays identified above, Hoffman was required to submit a significant number of Requests for Information ("**RFIs**") on the Projects. The answers from Simplot's team took longer than expected, substantially exceeding the specified 7-day response time. Across the three Projects, there were 5,510 RFIs, of which 3,004 were answered later than the 7-day response requirement. In addition to the RFIs, the Projects also had around 110 ASI's through which design changes were issued. Simplot's response time to ASIs averaged 22 days, which exceeded the maximum 15-day period allowed for review. The delayed response time as well as the high volume of RFIs and ASIs contributed to a significant increase in Hoffman's management staffing costs. Hoffman estimates that each RFI over 7 days resulted in an additional 5 hours of project engineer time, equating to additional General Conditions costs in an aggregate value of $1,426,900.

4

3. FFE Scopes with no General Conditions Adjustment

    a. Salvage Work

Simplot directed Hoffman to salvage railroad ties and rocks, which Hoffman hauled to a separate lot. Simplot paid for the salvage work on a time and materials basis but did not compensate Hoffman for its General Conditions costs. The task took approximately six (6) weeks, which translates into General Conditions costs in a principal amount of $26,400.00.

    b. Mockups

Simplot directed Hoffman to conduct 14 mockups through the JUMP building and the park.

| Mockup | Submittal |
| --- | --- |
| Board Form Concrete Walls | N/A |
| Level 5 Party Zone Deck Ramp | Submittal 0830-061516-0 |
| Polished Concrete at Electrical Floor Box | Submittal 0771-033513-0 |
| Site Banding and Quote | Submittal 0756-033000-0 |
| GR10 Guardrail | Submittal 0714-055100-1 |
| Pioneer Pipe Grid & Cable Tray | Submittal 0669-096425-0 |
| Pioneer Stair | Submittal 0638-033000-0 |
| XD01 Light Fixtures | RFI 2132 |
| Sealer for Site Paving | RFI 2344 |
| Site Bollards | RFI 2361 |
| Level 5 AGG Concrete Design | RFI 2416.0001 |
| Interior Concrete Finish | RFI 2588 |
| Plaster Finish at Site Exhaust Structures | RFI 3056 |

Hoffman was not compensated for these mockups, and they further delayed the critical path for the Projects by approximately 36 weeks, causing Hoffman to incur an additional $136,000 in General Conditions costs.

5

c.  Simplot-Directed Subcontractors/Vendors

As part of the FFE process, Simplot made requests for various items from specific vendors, including some items which were outside of Hoffman's agreed scope of work.  Hoffman cooperated by procuring the requested items for Simplot with the understanding that Hoffman would be compensated for its associated administrative costs.  To date, Simplot has not reimbursed Hoffman for these administration costs.

4.  Additional Direct Costs

a.  Tower Crane Attachments

During the Projects, Simplot determined that it wanted the tower crane base attachment to remain in the below grade garage area under the JUMP building, and Hoffman accordingly left it in place.  To date, however, Simplot has not paid Hoffman for the tower crane base attachment, which is valued at $40,000.00.

b.  Temporary Site Fencing

By October 1, 2017, Hoffman had achieved substantial completion for the Projects and was ready to remove the temporary fence.  On October 9, 2017, Hoffman met with Simplot and the City of Boise to discuss the completed work.   It was Simplot's preference that the fence remain in place until the new grass was established in the amphitheater.  On January 15, 2018, Simplot confirmed that decision.  On July 11, 2018, Hoffman was finally able to complete removal of its temporary construction fence.  As a courtesy, Hoffman offered Simplot a 25% discount for the extended fence rental rate, ultimately charging Simplot $52,594.40.  To date, however, Simplot has not paid Hoffman for the extended fence rental.

C.  Change Order Negotiations

This Projects were primarily defined and constructed through change orders.  In July 2017, Hoffman and Simplot negotiated three change orders (one for each contract) to reconcile the scope and cost of the Projects. At that time, the parties agreed to leave resolution of Hoffman's General Conditions costs until a later date due to the complexity of allocating those costs among the three

6

projects. Also during these negotiations, Hoffman agreed to reduce its overall project price on each of its three contracts.  Honoring that promise, Hoffman's claim in this arbitration is calculated to grant a full credit for the previously negotiated reductions.

## II.    CAUSE OF ACTION

### COUNT 1

### BREACH OF CONTRACT

Hoffman incorporates by reference all of the allegations contained above as though fully set forth herein.

Hoffman substantially complied with all terms and obligations of its three contracts, and it has otherwise performed all conditions precedent to payment.  Simplot has materially breached the three contracts by refusing to pay Hoffman for its increased General Conditions costs as well as the additional direct costs that Hoffman incurred at Simplot's direction.  Hoffman is entitled to compensation both under contract and as a matter of equity.  It follows that Hoffman has been damaged and is entitled to recover from Simplot in an amount to be proven during arbitration, plus costs, expenses, attorneys' fees, and interest.

WHEREFORE, Claimant, Hoffman Construction Company of America requests a determination that its claims are properly subject to arbitration, together with an award that includes the following:

A. Damages in an amount to be proven during the arbitration;

B. Pre-judgment and post-judgment interest;

C. Attorneys' fees and costs; and

D. All other legal and equitable relief that the Arbitrator deems proper.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,

/s/ Douglas S. Oles
Douglas S. Oles, WSBA 9366
Alix K. Town, OSBA 144258
Attorneys for Hoffman Construction
Company of America
Oles Morrison Rinker & Baker
LLP
701 Pike Street, Suite 1700
Seattle, WA  98101
Telephone:  (206) 623-3427
Fax:  (206) 682-6234
E-mail:  oles@oles.com
            town@oles.com

8