MICHAEL A. MAURER, ISB #6548
LUKINS & ANNIS, P.S.
1600 Washington Trust Financial Center
717 W. Sprague Ave., Ste 1600
Spokane, WA 99201-0466
Telephone (509) 455-9555
Facsimile (509) 363-2489
mmaurer@lukins.com

Attorneys for Defendant
Hoffman Construction Company of America

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SBP LLLP, an Idaho limited liability limited partnership; JRS PROPERTIES III LP, an Idaho limited partnership; and J.R. SIMPLOT FOUNDATION, INC., an Idaho corporation,<br><br>            Plaintiffs,<br><br>    vs.<br><br>HOFFMAN CONSTRUCTION COMPANY OF AMERICA, an Oregon corporation,<br><br>            Defendant. | Case No. 1:19-CV-00266-DCN<br><br>**HOFFMAN CONSTRUCTION COMPANY OF AMERICA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Hoffman Construction Company of America ("HCC" or "Hoffman") respectfully requests that the Court dismiss the complaint filed by SBP LLLP, JRS Properties III LP, and J.R. Simplot Foundation, Inc. (collectively, "Simplot") for lack of subject matter jurisdiction.  This relief should be granted because the parties' three contracts each contain a valid arbitration clause, and even if the validity of the arbitration clauses is in question, the parties have delegated questions of arbitrability to the arbitrator.

HOFFMAN CONSTRUCTION COMPANY
OF AMERICA'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS: 1

I.      **Statement of Facts**

Between December 1, 2008 and June 9, 2010, the Simplot entities and Hoffman entered into three contracts to build an office complex with parking and support facilities, to build the Simplot Foundation Park and Studio Complex, and to demolish structures, prepare the site, and mobilize for the work. Declaration of Cristina Reyes ("Reyes Decl.") at Exhibits ("Ex.") 1a-3a. The parties utilized the American Institute of Architects ("AIA") forms for their contracts – specifically the A133/A121 and A201. Pertinent parts of the signed contracts are attached to the Declaration of Cristina Reyes.

Section 1.2 ("General Conditions") of the A133 states "[f]or the Construction Phase, the General Conditions of the contract shall be the AIA Document A201-1997 General Conditions of the Contract for Construction, as modified, which is incorporated herein by reference." Reyes Decl. at Exs. 1a, 2a, 3a. Section 4.6.1 ("Arbitration") of the A201 states "[a]ny claim arising out of or related to the Contract … shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration." *Id.* at Ex. 1b, 2b, 3b. Section 4.6.2 states that "[c]laims not resolved by mediation shall be decided by arbitration which … shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect." *Id.* In those AAA rules (2015 edition), Rule R-9 (Jurisdiction) clearly states that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." *Id.* at Ex. 4.

On May 31, 2019, Hoffman filed a demand for arbitration and mediation with the American Arbitration Association. *Id.* at Ex. 5. Hoffman's claims are for extended general conditions costs associated with multiple delays to the Project as a result of owner decisions (or lack of decisions)

and unplanned weather conditions. *Id.* On July 1, 2019, Hoffman filed an amended demand for arbitration and mediation. *Id.* at Ex. 6.

On June 17, 2019, Simplot filed a complaint in District Court for the Fourth Judicial District of Idaho. On June 19, 2019, Hoffman's and Simplot's counsel discussed the basis for Simplot's complaint. Declaration of Alix Town ("Town Decl.") at ¶ 3. Simplot's counsel stated that the Complaint was based on his client's contention that arbitration was not intended because some arbitration-based dispute language was deleted when Simplot modified the AIA A133 boiler plate (although the language referring disputes to arbitration remained in the A201 General Conditions). *Id.* at Ex. 1. Simplot's counsel indicated that he could support his position with extrinsic evidence (emails) confirming the parties' mutual intent to drop all reference to arbitration as the dispute process, but after the phone call he was unable to produce such emails. *Id.* at ¶ 3.

On July 11, 2019, Hoffman removed the case to this Court.

## II. Argument

Simplot's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because this dispute arises out of contracts that expressly require arbitration. The law is clear that when an arbitration clause exists, disputes regarding arbitrability are to be decided by the arbitrator(s). The U.S. Supreme Court has stated clear support for referring arbitrability issues to arbitrators. Consequently, the parties' contracts dictate that this case be dismissed

### A. Authority to Dismiss for Lack of Subject Matter Jurisdiction

Hoffman properly requests that the Court dismiss Simplot's Complaint for lack of subject matter jurisdiction because the parties' contracts contain an arbitration clause and such clauses are enforceable as a matter of law. The Ninth Circuit has held that motions to dismiss due to arbitration

clauses can be styled as motions for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Association of Flight Attendants, AFL-CIO v. Horizon Air Industries, Inc.*, 28 F.3d 901, 903 (9th. Cir. 2002) ("[t]he district court dismissed AFA's complaint for lack of subject matter jurisdiction, concluding that the dispute was within the scope of a collective bargaining agreement (CBA) and, therefore, subject to arbitration. We affirm."). As explained above and further analyzed below, Hoffman and Simplot agreed to arbitrate these issues, which thereby properly places these claims in front of American Arbitration Association arbitrators rather than the Court.

> **B. Questions of Arbitrability Should Be Decided by the Arbitrators as the Parties Have Delegated Arbitrability to the Arbitrators.**

Simplot has incorrectly asserted that the Idaho Uniform Arbitration Act governs this case. In fact, the Federal Arbitration Act ("FAA") applies to any arbitration agreement that involves interstate commerce. *Southland Corp. v. Keating*, 465 U.S. 1 (1984). The Supreme Court has further stated that a general choice of law provision is not sufficient to supplant the FAA's applicability. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62-64 (1995). This case involves a contract between an Idaho owner and an Oregon contractor. The arbitration clauses at issue do not expressly incorporate the Idaho Uniform Arbitration Act, and they do not exclude the FAA's applicability. Therefore, as a matter of law, this case is properly under the Federal Arbitration Act rather than the Idaho Uniform Arbitration Act.

There have been a series of U.S. Supreme Court decisions relating to who decides arbitrability, and the trend of those cases has been to favor arbitration. Most recently, in January 2019, the Supreme Court considered one of the last lines of cases allowing courts to intervene in arbitrability disputes, i.e. where a court believed that the arguments for arbitrability were "wholly

groundless". In *Henry Schein, Inc. v. Archer and White Sales, Inc.*, ___ U.S. ___, 139 S.Ct. 524, 202 L.Ed.2d 480 (2019), a *unanimous* Supreme Court closed that loophole and stated a clear deference to arbitration under the FAA. The Supreme Court noted that the parties, as in the Simplot contracts, had referred all disputes to AAA arbitration and that "[t]he rules of the American Arbitration Association provide that arbitrators have the power to resolve arbitrability questions." The Supreme Court held as follows:

> Even when the parties' contract delegates the threshold arbitrability question to an arbitrator, the Fifth Circuit and some other Courts of Appeals have determined that the court rather than an arbitrator should decide the threshold arbitrability question if, under the contract, the argument for arbitration is wholly groundless. Those courts have reasoned that the "wholly groundless" exception enables courts to block frivolous attempts to transfer disputes from the court system to arbitration. We conclude that the "wholly groundless" exception is inconsistent with the text of the [Federal Arbitration] Act and with our precedent.

*Id.* at 529.

Here, the evidence clearly demonstrates that the parties provided for arbitration and referred the question of arbitrability to the arbitrator. Simplot admits that the parties signed either the AIA Document A133 or the AIA Document A121. Complaint at ¶¶7, 10, 13. Each of those documents includes an Article 1.2, which provides in part that "the General Conditions of the Contract shall be the AIA Document A201-1997, General Conditions of the Contract for Construction as modified, which is incorporated herein by reference." The A133 also features a note on its cover page to the effect that the A201 "is adopted in this document by reference."

The A201 (incorporated into all 3 Simplot contracts) includes an Article 4.6 (Arbitration) that expressly invokes "the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect". In those AAA rules (2015 edition), Rule R-9 (Jurisdiction) clearly states that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction,

including any objections with respect to the existence, scope, or validity of the arbitration agreement." Therefore, the parties' agreement to resolve disputes (including disputes involving arbitrability) in arbitration should be upheld.

Simplot's argument that §9.1 "Dispute Resolution" has been modified evidences the parties' intent not to arbitrate this matter is without merit. The Idaho Supreme Court has stated:

> If a written contract is complete upon its face and unambiguous, no fraud or mistake being alleged, extrinsic evidence of prior or contemporaneous negotiations or conversations is not admissible to contradict, vary, alter, add to, or detract from the terms of the contract. … A written contract that contains a merger clause is complete upon its face.

*Howard v. Perry*, 141 Idaho 139, 106 P.3d 465, 467 (2005). Simplot intends to introduce evidence outside the plain language of the contracts to contradict their express terms. The plain contract language states that that A201 General Conditions were incorporated by reference and included within the A133 or A121 agreement. The A201 language unambiguously provides for arbitration, and the referenced AAA rules delegate the question of arbitrability to the arbitrators. There is no conflict in the language of the contracts that requires introduction of parol evidence. Indeed, the parties' merger clause specifically requires the Court to find that the three contracts are complete on their face, without resorting to parol evidence. Therefore, Simplot's complaint lacks a basis in law and should be dismissed.

Even if Simplot were allowed to introduce its parol evidence, the parol evidence would not support its position. While the parties did agree to amend some of the pre-printed language in §9 of the A133, the parties also specifically negotiated §4.6 "Arbitration" of the A201 and chose to keep the arbitration clause in the General Conditions. In other words, even a review of parol evidence supports the parties' intent that disputes arising out of this project would be arbitrated

rather than brought before a court. The law clearly points to a conclusion that Simplot's Complaint must be dismissed.

### C. The Parties' Contract Contains a Valid Arbitration Clause.

Even if the AAA rules had not clearly delegated the question of arbitrability to the arbitrator, this case must properly be referred to the parties' arbitrator as a matter of law. Section 2 of the Federal Arbitration Act states that "a written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable…" 9 U.S.C. § 2. When the parties agreed on amendments to the A201 General Conditions to be incorporated into each of the three Simplot contracts, they adopted language that agreed to settle subsequent controversies by arbitration. That language is ample basis for invoking enforcement under the FAA.

Although the A133 and A121 contract forms do not call for arbitration in themselves, they each contain a Section 1.2 "General Conditions" stating that "[f]or the Construction Phase, the General Conditions of the contract shall be the AIA Document A201-1997 General Conditions of the Contract for Construction, as modified, which is incorporated herein by reference." *Id*. In the A201, Section 4.6.1 "Arbitration" states "[a]ny claim arising out of or related to the Contract … shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration." *Id*. at Exs. 1b, 2b, 3b. Section 4.6.2 states "[c]laims not resolved by mediation shall be decided by arbitration which … shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect." *Id*. Hoffman's claims in this matter arise out of the construction contracts that incorporated the arbitration provisions. Reyes Decl. at Exs. 5, 6. With the incorporation of the A201 into the A133,

HOFFMAN CONSTRUCTION COMPANY
OF AMERICA'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS: 7

the parties agreed to arbitrate any matters that arose in either the pre-construction or construction phases of its contracts. Therefore, Hoffman properly filed its dispute in arbitration rather than court.

### III. Conclusion

For the reasons described above, Hoffman respectfully requests that the Court dismiss Simplot's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and refer the parties to AAA arbitration as provided under each of the three contracts at issue.

DATED this 18th day of July, 2019.

                                      LUKINS & ANNIS, PS

                                      /s/Michael A. Maurer_____
                                      MICHAEL A. MAURER, ISB #6548
                                      Attorneys for Defendant Hoffman
                                      Construction Company of America

## CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of July, 2019, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to all entities as follows:

| | |
|---|---|
| Wayne Meuleman<br>Joe Meuleman<br>Joseph F. Southers<br>Mueleman Law Group PLLC<br>950 West Bannock St., Suite 490<br>Boise, ID 83702<br>wmeuleman@meulemanlaw.com<br>jmeuleman@meulemanlaw.com<br>jsouthers@meulemanlaw.com | ☐ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Telecopy (FAX)<br>☒ Via ECF and email:<br>    wmeuleman@meulemanlaw.com<br>    jmeuleman@meulemanlaw.com<br>    jsouthers@meulemanlaw.com |

LUKINS & ANNIS, P.S.

By  /s/ Michael A. Maurer_____
    MICHAEL A. MAURER