Wayne Meuleman, ISB #1419
Joe Meuleman, ISB #8029
Joseph F. Southers, ISB #9568
MEULEMAN LAW GROUP PLLC
950 West Bannock Street Suite 490
Boise, Idaho 83702
(208) 472-0066 Telephone
(208) 472-0067 Facsimile
wmeuleman@meulemanlaw.com
jmeuleman@meulemanlaw.com
jsouthers@meulemanlaw.com
I:\8335.007\PLD_USDC\TRO - Memo in Sup of.docx

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SBP LLLP, an Idaho limited liability limited partnership; JRS PROPERTIES III LP, an Idaho limited partnership; and J.R. SIMPLOT FOUNDATION, INC., an Idaho corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HOFFMAN CONSTRUCTION COMPANY OF AMERICA, an Oregon corporation,<br><br>Defendant. | Case No. 1:19-CV-00266<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

# I.
# INTRODUCTION

On December 12, 2019, this Court heard oral argument on Hoffman's motion to dismiss the lawsuit filed by SBP LLLP, JRS Properties III LP, and J.R. Simplot Foundation, Inc. (collectively, "Owners"). The motion addresses whether the parties agreed to arbitrate Hoffman's claims against the Owners. The next day, the American Arbitration Association informed the parties that arbitration would proceed with arbitration selection. Notwithstanding this Court's statement that it would likely enter

an order on the motion within 45 days, Hoffman refuses to stay arbitration until after the parties select arbitrators.

Hoffman's refusal to stay appears to be an attempted end run around this Court's jurisdiction to determine whether an agreement to arbitrate exists. The Owners cannot risk conceding AAA jurisdiction, and the deadline to select arbitrators is only 14 days. A temporary restraining order and preliminary injunction should therefore be entered restraining Hoffman from proceeding with the arbitration until there is a determination as to whether Hoffman and the Owners agreed to arbitration.

## II.
## STATEMENT OF FACTS

Hoffman submitted its Demand for Arbitration with the AAA, alleging blanket claims against the Owners arising from construction projects in Boise. (Dkt. 9-10). The Owners promptly filed an action in Idaho state court requesting a declaration that none of the Owners agreed to arbitrate Hoffman's claims and an order staying the arbitration. (Dkt. 1-2; Dkt 1-3). On June 17, 2019, the Owners submitted an objection to jurisdiction to AAA because no arbitration agreement exists with respect to Hoffman's claims. Declaration of Joe Meuleman in Support of Motion for Temporary Restraining Order and Preliminary Injunction ("Meuleman Decl."), Ex. 1. The next day, AAA Director of ADR services, Rick Zieglowsky, confirmed receipt of the Owners' objection by email and stated: "AAA will abide by any court order, so please keep me up to date on the proceeding in Idaho District Court." Meuleman Decl., Ex. 2.

Hoffman removed the Owners' lawsuit to federal court based on diversity jurisdiction and filed a motion to dismiss. (Dkt. No. 6). Hoffman first contends that this Court lacks jurisdiction to determine whether Hoffman and the Owners agreed to arbitrate Hoffman's claims. (Dkt. No. 7). In the alternative, Hoffman request that the Court dismiss the lawsuit based on an arbitration provision in certain AIA A201 documents that Hoffman contends was incorporated into its agreements with the

Owners. *Id.* The parties extensively briefed Hoffman's motion and the Court heard oral argument on December 12, 2019. (Dkt. 7-Dkt. 15). The Court took Hoffman's motion under advisement and indicated that a decision would hopefully be entered within 45 days.

On December 13, 2019, the Owners' counsel received an email from Mr. Zieglowsky stating that AAA intended to move forward with the arbitration. Meuleman Decl., Ex. 4. Mr. Zieglowsky's email informed the Owners and Hoffman that the next step is arbitrator appointment. *Id.*

Under the current AAA Construction Industry Arbitration Rules ("AAA Rules"), the arbitrator appointment process begins as follows: "the AAA shall send simultaneously to each party to the dispute an identical list of 10 (unless the AAA decides that a different number is appropriate) names of persons chosen from the National Construction Panel." (Dkt. 9-8, p. 21). The AAA Rules go on to provide that "[i]f the parties are unable to agree on an arbitrator, each party to the dispute shall have 14 calendar days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA." *Id.* at p. 22. Finally, the AAA Rules provide that "[i]f a party does not return the list within the time specified by the AAA, all persons named therein shall be deemed acceptable by that party." (Dkt. 9-8, p. 22).

The Owners' counsel responded to Mr. Zieglowsky's December 13th email informing the AAA of the pending decision on Hoffman's motion and maintaining the Owners' position that there is no agreement to arbitrate. Meuleman Decl., Ex. 4. Mr. Zieglowsky responded that AAA would proceed with arbitration selection absent agreement of the parties. *Id.*, Ex. 5. Despite several requests by the Owners, Hoffman has refused to stay the arbitration until the arbitrator selection is complete. *Id.*, Ex. 6-8, ¶ 8.

Hoffman's refusal to stay leaves the Owners in a catch-22. If the Owners do not participate in the arbitrator selection within 14 days, and this Court later finds that Hoffman's claims are subject to AAA arbitration, the Owners would be deprived of any input into the arbitrators under the AAA Rules. Conversely, the Owners would potentially concede AAA jurisdiction and application of the AAA Rules if they were to participate in the arbitrator selection regardless of this Court's ruling on Hoffman's motion to dismiss. Thus, on December 17, 2019, the Owners' counsel informed Hoffman's attorneys that the Owners would seek an injunction of the arbitrator unless Hoffman agreed to a stay. Meuleman Decl., Ex. 10. Hoffman's attorneys have never responded. *Id.*, ¶ 12.

## III.
## ARGUMENT

A.     **This Court has authority to enjoin the Arbitration.**

The Ninth Circuit has indicated that when a party initiates arbitration, the district court has authority to decide opposing party's motion to enjoin the arbitration. *See, Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 747 (9th Cir. 2014) (reversing and remanding the district court's denial of a motion to enjoin arbitration for further consideration of the remaining preliminary injunction factors that the district court did not reach); *Textile Unlimited, Inc. v. A..BMH and Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001) (holding that "the district court did not abuse its discretion in granting the preliminary injunction").

Other federal appellate courts have held explicitly federal district courts have the authority to enjoin arbitration. *See, e.g., In re American Exp. Fin. Advisors Securities Litig.*, 672 F.3d 113, 139–142 (2d Cir. 2011); *Societe Generale de Surveillance, S.A. v. Raytheon European Mgmt. & Sys. Co.*, 643 F.2d 863, 867–68 (1st Cir. 1981).

B.  **A temporary restraining order and preliminary injunction should be entered enjoining the arbitration.**

Under Rules 65(a) and (b) of the Federal Rules of Civil Procedure, a party seeking a temporary restraining order and preliminary injunction must show: (1) a likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter* v. *Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). If the balance of equities tips "sharply" in the plaintiff's favor, then a court may issue a preliminary injunction upon a showing that there are "serious questions going to the merits – a lesser showing than likelihood of success on the merits." *Shell Offshore, Inc.* v. *Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013). In other words, "[t]he elements of a preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies* v. *Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). For the purposes of injunctive relief, a showing of serious questions "need not promise a certainty of success, nor even present a probability of success, but must involve a 'fair chance of success on the merits.'" *Republic of the Philippines* v. *Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988).

A temporary restraining order is a form of preliminary injunctive relief that can be issued without notice to the opposing party or that party's attorney. Its purpose is to preserve the *status quo* pending hearing on the moving party's application for preliminary injunction. *Granny Goose Foods, Inc.* v. *Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). A temporary restraining order ("TRO") is appropriate here because the 14-day arbitrator selection deadline under the AAA Rules does not leave adequate time to brief and hear the Owners' motion for a preliminary injunction.

1.  <u>The Owners are likely to succeed on the merits</u>.

For the reasons set forth in Plaintiffs' Response to Hoffman Construction Company of America's Motion to Dismiss (Dkt. 11) and argued at the hearing on

December 12, 2019, the Owners are likely to succeed in defending against Hoffman's motion to dismiss.

2. <u>The Owners will suffer irreparable harm if an injunction is not issued</u>.

The Owners will suffer irreparable harm if the Court does not grant its motion. The Owners have to decide whether to proceed in the arbitration proceedings in the absence of an injunction, and doing so may cement AAA's jurisdiction over the Owners for purposes of arbitrating Hoffman's claims.

Although the Ninth Circuit has not addressed the issue directly, the Eighth Circuit has held that the party opposing the existence of an agreement to arbitrate would suffer irreparable harm if arbitration proceeded before the district court had determined whether an agreement to arbitrate existed. *McLaughlin Gormley King Co. v. Terminix Intern, Co., L.P.*, 105 F.3d 1192, 1194 (8th Cir. 1997). Other district courts in this circuit have held that being required to arbitrate a dispute that the parties did not agree to arbitrate is *per se* irreparable harm. *See, e.g., Berthel Fisher & Co. Fin. Servs., Inc. v. Frandino*, No. CV 12–2165–PHX–NVW, 2013 WL 2036655, at *8 (D.Ariz. May 14, 2013) ("Plaintiff will suffer irreparable harm if the arbitration to which it did not consent proceeds"); *Ingram Micro, Inc. v. Signeo, Int'l, Ltd.*, No. SACV 13–1932–DOC (ANx), 2014 WL 3721197, at *4 (C.D.Cal. July 22, 2014) ("Forcing a party to submit to arbitration, when it did not agree to do so, constitutes per se irreparable harm").

Hoffman's motion involved a dispute with the Owners as to whether any arbitration agreements exist between the parties. (Dkt. 7-Dkt. 15). The Owners will suffer irreparable harm unless the arbitration is enjoined until that issue is decided.

3. <u>The balance of equities favors granting relief</u>.

Consideration of the balance of equities requires the Court to "balance the interests of all parties and weigh the damage to each." *L.A. Mem'l Coliseum Comm'n v.*

*Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980). The balance of the hardships in this case tip sharply in the Owners' favor.

If the Court does not issue a TRO and preliminary injunction against Hoffman pursuing the arbitration, the Owners will be harmed regardless of this Court's decision on Hoffman's motion. As it stands, the Owners face the untenable choice. If the Owners refuse to participate in the arbitration selection within 14 days and receive an adverse ruling on Hoffman's motion, they will be prevented from participating in arbitrator selection. (Dkt. 9-8, pp. 21-22). On the other hand, if the Owners were to participate in the arbitration selection process under the AAA Rules, the Owners may be deprived of a favorable ruling on Hoffman's motion by conceding AAA jurisdiction. Finally, even if the Owners participate in arbitrator selection and are found not to have conceded AAA jurisdiction because of a favorable ruling on Hoffman's motion, they would still be required to expend time and resources arbitrating claims Hoffman has no right to pursue, and possibly may be required to return to the Court to set aside an arbitration award.

A TRO and preliminary injunction would result in no hardship to Hoffman. The Owners seek to enjoin the arbitration based on the timing of this Court's ruling on Hoffman's motion, which should determine whether the parties proceed in court or in arbitration. A TRO and preliminary injunction would save Hoffman from incurring expenses in an arbitration before knowing whether it is even entitled to arbitrate its claims.

4. <u>The public interest favors granting relief</u>.

The public interest factor also favors the Owners. Permitting the Hoffman arbitration to proceed raises the risk of duplicative litigation with contradictory results. Moreover, it is not in the public interest to compel a party to arbitrate when there is no enforceable arbitration agreement. *See Frandino*, 2013 WL 2036655, at *8 ("Allowing an

arbitration to proceed without an agreement to arbitrate does not serve the public interest."); *Ingram Micro*, 2014 WL 3721197, at *5 (holding that the public interest favors an injunction when no arbitration agreement exists between the parties).

### C.     A nominal bond is sufficient.

"The Court may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The amount of security is within the Court's discretion and turns on the facts of a particular case. *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999). When considering the totality of the circumstances, especially where a party makes a strong showing of success, this Court can find that a nominal bond is sufficient. *See id.* at 1237 (court did not err in requiring plaintiffs to post nominal bond of $1,000 pursuant to Fed.R.Civ.P. 65(c)); *Just Film, Inc. v. Merchant Services, Inc.*, 474 Fed. Appx. 493, 495 (9th Cir. 2012) (no bond).

A nominal bond is sufficient in this case. Based on the briefing and oral argument on Hoffman's motion, the Owners have a high likelihood of success. Even if this Court were to grant Hoffman's motion, Hoffman would suffer no damages as a result of waiting approximately 45 days to receive this Court's ruling before proceeding with arbitration.

## IV.
## CONCLUSION

Based on the foregoing, the Owners request the Court grant their Motion for Temporary Restraining Order and Preliminary Injunction.

DATED this __18th__ day of December, 2019.

_____
Joe Meuleman, Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __18th__ day of December, 2019, a true and correct copy of the foregoing document was served by the method indicated below upon the following parties:

| | |
|---|---|
| Michael A. Maurer<br>LUKINS & ANNIS, P.S.<br>717 W. Sprague Ave., Ste. 1600<br>Spokane, WA 99201-0466<br>mmaurer@lukins.com | [ ] U.S. Mail<br>[ ] Hand Delivered<br>[ ] Facsimile<br>[ ] Overnight Mail<br>[ ] Electronic Mail<br>[✓] CM/ECF |
| Douglas S. Oles<br>Alix K. Town<br>OLES MORRISON RINKER & BAKER, LLP<br>701 Pike St., Ste. 1700<br>Seattle, WA 98101<br>oles@oles.com<br>town@oles.com | [ ] U.S. Mail<br>[ ] Hand Delivered<br>[ ] Facsimile<br>[ ] Overnight Mail<br>[ ] Electronic Mail<br>[✓] CM/ECF |

_/s/ Joe Meuleman_
Joe Meuleman