UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SBP LLLP, an Idaho limited liability limited partnership; JRS PROPERTIES III LP, an Idaho limited partnership; and J.R. SIMPLOT FOUNDATION, INC., an Idaho corporation,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HOFFMAN CONSTRUCTION COMPANY OF AMERICA, an Oregon corporation,<br><br>　　　　Defendant. | Case No. 1:19-cv-00266-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.　　INTRODUCTION

　　Pending before the Court is SBP LLLP ("SBP"), JRS Properties III LP ("JRS"), and J.R. Simplot Foundation, Inc.'s ("Foundation") (collectively, "Plaintiffs") Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 24). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court finds good cause to GRANT Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

## II. BACKGROUND

The Court has already discussed the background of this case in its prior order concerning Defendant Hoffman Construction Company of America's ("Hoffman") Motion to Dismiss. Dkt. 26. That background is incorporated via reference.

The Court construed Hoffman's motion to dismiss as a motion to compel arbitration. It held a hearing on whether the parties agreed to arbitrate on December 12, 2019 and told the parties it intended to rule on Hoffman's motion within forty-five days.

On December 13, 2019, the American Arbitration Association ("AAA") informed the parties that since mediation had failed, the AAA intended to move forward with arbitration. The next step would be to appoint a panel of arbitrators. Under the AAA Construction Industry Arbitration Rules ("AAA Rules"), the arbitrator appointment process begins when the AAA sends to the parties a list of names from which they can select their arbitrators. The AAA Rules state that "[i]f the parties are unable to agree on an arbitrator, each party to the dispute shall have 14 calendar days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA." Dkt. 9-8, at 22. If a party fails to return an edited list of names within those fourteen days, all persons named on the list shall be considered as acceptable by default.

Plaintiffs responded to AAA's December 13th email, informing them of the status of the federal case and Plaintiffs' position that there is no agreement to arbitrate. AAA replied that, absent either consent by both parties or a court order, it had no authority to administratively stay the arbitration action. As Hoffman expressed to the AAA and

Plaintiffs that it wished to proceed with selecting the arbitrators (though it would be amendable to stay the arbitration process after that step was taken), the AAA declined to stay the arbitration.

On December 17, 2019, Plaintiffs provided written notice to Hoffman that they intended file for injunctive relief in order to stay the arbitration process.

On December 18, 2019, Plaintiffs filed the pending motion for a temporary restraining order and preliminary injunction pursuant to Federal Rules of Civil Procedure 65(b).

### III. APPLLICABLE LEGAL STANDARD

Plaintiffs title their motion as one for both a temporary restraining order and for preliminary injunction. "A temporary restraining order is necessarily of a shorter and more limited duration than a preliminary injunction." *Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150, 1156 (D. Or. 2018). Temporary restraining orders issued without notice are only in effect for fourteen days, unless the court extends them for good cause. Fed. R. Civ. P. 65(b). Preliminary injunctions, however, may last the length of a lawsuit but can be granted only if the moving party provided notice to the adverse party. Fed. R. Civ. P. 65(a); *see Innovation Law Lab*, 310 F. Supp. 3d at 1156 n.1 ("A preliminary injunction, however, may last for months, if not years, while the lawsuit progresses toward its conclusion.").

Here, Plaintiffs have provided notice to Hoffman. Plaintiffs are seeking a stay on the arbitration proceedings until the Court rules on whether the parties agreed to arbitrate. However, as the Court will not hold a hearing on this matter separate from the upcoming bench trial the motion is more properly construed as a temporary restraining order. *See*

*Bennett v. Medtronic, Inc.*, 285 F.3d 801, 804 (9th Cir. 2002), *as amended on denial of reh'g* (May 15, 2002) (holding an ordered styled as a temporary restraining order was "akin to a preliminary injunction" as both parties both parties had the opportunity to file extensive written materials and present oral argument, and the district court granted temporary relief for three times the period provided by Rule 65(b)) (citing *Sampson v. Murray,* 415 U.S. 61, 87–88 (1974) ("[W]here an adversary hearing has been held, and the court's basis for issuing the order strongly challenged, classification of [a] potentially unlimited order as a temporary restraining order seems particularly unjustified")).

## IV. LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *Reed v. Nevada Dep't of Corr.*, 691 F. App'x 843 (9th Cir. 2017) (internal quotation marks and citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20, (2008)). A preliminary injunction's basic function is "to preserve the status quo ante litem pending a determination of the action on the merits." *See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980); *see* Fed. R. Civ. P. 65.

## V. DISCUSSION

As laid out in the Court's order denying Hoffman's motion to compel arbitration, the Court finds it likely that Plaintiffs will succeed on the merits in establishing they never

agreed to arbitrate. Plaintiffs will suffer irreparable harm in participating in the arbitration process if it, in fact, did not agree to arbitrate. *See, e.g.*, *Berthe[ Fisher & Co. Fin. Servs., Inc.* v. *Frandino*, No. CV 12-2165-PHX-NVW, 2013 WL 2036655, at *8 (D. Ariz. May 14, 2013) ("Plaintiff will suffer irreparable harm if the arbitration to which it did not consent proceeds."); *Ingram Micro, Inc.* v. *Signeo, Int'l, Ltd.*, No. SACV 13-1932-DOC (ANx), 2014 WL 3721197, at *4 (CD. Cal. July 22, 2014) ("Forcing a party to submit to arbitration, when it did not agree to do so, constitutes per se irreparable harm").

The balance of equities tips in Plaintiffs' favor as well. As a matter of law, Hoffman has not established it has the right to force Plaintiffs to arbitrate this action. Dkt. 26. If the Court denied the preliminary injunction, Plaintiffs would be forced to spend significant time and resources defending against Hoffman's claims before the AAA. Allowing Hoffman to proceed with arbitration is not guaranteed to benefit Hoffman because the Court may ultimately determine the AAA lacks jurisdiction over the case. Thus, the balance of equities favors granting the injunction to prevent arbitration. Finally, the preliminary injunction is in the public interest. While public policy favors broadly interpreting the scope of arbitration when there is an arbitration agreement, "the liberal federal policy regarding the scope of arbitrable issues is inapposite" where the issue is "whether a particular party is bound by the arbitration agreement." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1104 n.11 (9th Cir. 2006).

The Court will issue a temporary restraining order staying arbitration. The restraining order shall last for twenty-eight days, but the parties may request an extension.

## VI.   ORDER

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 24) is GRANTED.

2. Arbitration shall be STAYED for 28 days, unless the parties request an extension or the Court otherwise orders.

DATED: December 20, 2019

_____
David C. Nye
U.S. District Court Judge