UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SBP LLLP, an Idaho limited liability limited partnership; JRS PROPERTIES III LP, an Idaho limited partnership; and J.R. SIMPLOT FOUNDATION, INC., an Idaho corporation,<br><br>                     Plaintiffs,<br>v.<br><br>HOFFMAN CONSTRUCTION COMPANY OF AMERICA, an Oregon corporation,<br><br>                     Defendant. | Case No. 1:19-cv-00266-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiffs' Motion to Quash a Trial Subpoena of their counsel Wayne Meuleman. Dkt. 65. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court GRANTS the motion.

## II. BACKGROUND

This case involves three related construction contracts between Hoffman Construction Company of America ("Hoffman") and the various Plaintiffs and a

determination of whether those contracts included a provision to arbitrate disputes arising from them. In short, from 2009 to 2012, Hoffman entered into three separate contracts with the various Plaintiffs to demolish and construct certain improvements on real property located in Ada County. All three written contracts were based, in part, on an American Institute of Architects standard form document A201-1997. However, the three contracts also specifically expressed that incorporation of that document was only *as modified* by the parties.

The case proceeded through the regular stages of litigation. The Court denied Hoffman's Motion to Dismiss, or in other words its attempt to compel arbitration, finding that "there are factual disputes as to whether the parties agreed to arbitrate." Dkt. 26, at 1. The Court later denied Hoffman's Motion for Summary Judgment because the contracts have a facial ambiguity as to the incorporation of an arbitration agreement and a question of material fact remains as to whether the parties intended to incorporate an arbitration agreement in the contracts. Dkt. 58, at 9. After working through the stages of litigation, the Court set a bench trial to begin on July 28, 2021, to determine whether the contracts include an arbitration agreement. Dkt. 59.

In preparation for trial, Hoffman served a subpoena on Wayne Meuleman, one of Plaintiffs' attorneys, to appear and testify at trial. While Meuleman was somewhat involved in negotiating the contracts and the issue of arbitration with Hoffman, the lead negotiators were John MacDonald and Cade Lawrence. Meuleman currently serves as co-litigation and trial counsel for Plaintiffs. *See* Dkt. 65-1, at 3–4.

After Meuleman received the subpoena, Plaintiffs filed a motion to quash the subpoena on the grounds that "Hoffman cannot prove that information sought from Meuleman's testimony (1) cannot be obtained by other means; (2) is relevant and is not protected by privilege or the work-product doctrine; and (3) is crucial to preparation of its case." *Id.* at 2. Plaintiffs also contend that "Meuleman's testimony would require disclosure of privileged information and subject Meuleman and [Plaintiffs] to undue burden." *Id.* Defendant Hoffman Construction Company of America ("Hoffman") opposes the motion. Dkt. 68. Plaintiffs support their same arguments with their Reply. Dkt. 71.

### III. LEGAL STANDARD

Subpoenas are an essential part of the civil discovery process as they are an avenue to obtain evidence from uncooperative nonparties. Under Federal Rule of Civil Procedure 45, there are three types of subpoenas: (1) a subpoena ad testificandum, which commands a person to appear and give testimony; (2) a subpoena duces tecum, which commands the recipient to produce and permit inspection, copying, testing, or sampling of specific documents, things, or electronically stored information; and (3) a subpoena to permit an inspection of other property within the recipient's custody or control. Fed. R. Civ. P. 45(a)(1)(B)–(D). All three of these subpoenas are valuable tools.

However, the value and applicability of subpoenas have their limits. The burden placed on third parties is often much greater than the value of any production. That is why it is the policy of this Court not "to burden third parties [with subpoenas] unless absolutely necessary." *Nelson-Ricks Cheese Co. v. Lakeview Cheese Co.*, No. 4:16-CV-00427-DCN,

2017 WL 4839375, at *3 (D. Idaho Oct. 26, 2017). Under appropriate circumstances, a subpoena recipient may move to quash or modify the subpoena.

A district court's factual findings underlying discovery rulings are reviewed for clear error, and their ultimate decision on whether to quash a subpoena is typically a matter of discretion. *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003). In certain circumstances, however, Federal Rule of Civil Procedure 45 requires a court to quash or modify a subpoena. A court must quash or modify a subpoena, on timely motion, where the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv). It is up to the court to consider the specific facts and circumstances surrounding the issues in making a sound and just determination.

## IV. DISCUSSION

Here, Hoffman's subpoena ad testificandum of Meuleman and Plaintiffs' Motion to Quash that subpoena are at issue. The parties have raised three issues through their briefing: (1) whether the subpoena requires disclosure of matters within the attorney-client privilege, (2) whether the subpoena imposes an undue burden, and (3) whether Hoffman has met the three-element test set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). While the Court is satisfied by Hoffman's representations that it does not intend to delve into matters within the attorney-client privilege at the trial, the Court must grant the

motion because the subpoena imposes an undue burden. And, even if it did not, the Court would exercise its discretion to grant the motion because Hoffman cannot satisfy the demands of the *Shelton* test. The Court addresses the undue burden and *Shelton* elements below. In short, Meuleman need not testify at trial.

### A. Privileged Information

Courts must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). In general, "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2). "A party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted. . . . Blanketed assertions are extremely disfavored." *United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002) (cleaned up).

Here, Plaintiffs have not carried their burden of showing how the information sought is privileged for several reasons. To begin, Plaintiffs have neither identified the communications nor showed with sufficient clarity why the communications are privileged. Instead, Plaintiffs have done precisely what is disfavored by the Ninth Circuit: they have essentially made a blanket assertion of attorney-client privilege. Next, Hoffman

MEMORANDUM DECISION AND ORDER - 5

has persuasively pointed out that the communications it seeks through Meuleman's testimony is not privileged because they were made to third parties during the contract negotiations. Lastly, Hoffman represents that its questions to Meuleman are not related to protected communications, but rather what his emails and contract drafts meant. In sum, the Court cannot quash the subpoena on the basis that it seeks disclosure of privileged information.

### B. Undue Burden

Nevertheless, the subpoena at issue does impose an undue burden. A court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Typically, the burden in question involves the time, resources, and expense that would be incurred to comply with the subpoena's demands. But courts recognize that subpoenas can impose other types of burdens, like invading the recipient's privacy or confidentiality interests, and will consider those non-economic burdens as well when they are implicated. The analysis involves balancing the burdens imposed against the interest in disclosure of evidence. *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 427 (9th Cir. 2012).

Here, the burdens imposed on Meuleman in testifying are undue and greatly outweigh the slight interest in his testimony. Several other sources are available to give the information that Meuleman would give. Specifically, John MacDonald and Cade Lawrence were the parties' lead negotiators and can testify as to the negotiations and the parties' intent regarding arbitration. Plus, Plaintiffs have represented, and will be held to their

representation, that Scott Simplot, one of the contract signatories, will be available as a witness. Thus, requiring Meuleman to testify would impose an unnecessary burden. *Nelson-Ricks Cheese Co.*, 2017 WL 4839375, at *3; *Pegatron Tech. Serv., Inc. v. Zurich Am. Ins. Co.*, 377 F. Supp. 3d 1197, 1203 (D. Or. 2019) ("Courts are particularly reluctant to require a nonparty to provide discovery that can be produced by a party." (citing *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980))).

Many of the typical burdens of trial counsel having to testify are present. Requiring Meuleman to testify as a witness would also impose the potential burden of disqualifying him from representing Plaintiffs as well as potentially other matters. And, relatedly, it would chill speech between Meuleman and Plaintiffs, particularly where the intent behind the contracts is a major issue for trial. This would cause a burden on both him and Plaintiffs.

On the other hand, Meuleman's testimony has negligible value because, again, it can be derived from other sources. Accordingly, the Court concludes that the subpoena subjects Meuleman and Plaintiffs to undue burden and, therefore, the Court must quash it.[1]

### C. *Shelton* Elements

Even assuming for sake of argument there were no undue burden, the Court would still quash the subpoena because Hoffman has not carried its burden of establishing the *Shelton* elements. Where a person is moving to quash a subpoena seeking to force opposing counsel to be deposed or testify, as is the case here, *Shelton*'s three-element test applies. That is, the party seeking to take the deposition or testimony must show that "(1) no other

---

[1] Of course, the Court could modify the subpoena instead of quashing it, but Hoffman has not proposed any modifications for the Court to consider in the alternative.

means exist to obtain the information . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." 805 F.2d at 1327. This test exists because "the practice of forcing trial counsel to testify as a witness . . . has long been discouraged and recognized as disrupting the adversarial nature of [the] judicial system." *Id.* (citing *Hickman v. Taylor,* 329 U.S. 495, 513, (1947)). "It also adds to the already burdensome time and costs of litigation" and "detracts from the quality of client representation" by imposing a chilling effect on truthful communications between attorney and client. *Id.*

While Hoffman does not go so far as to say explicitly that this Court should not apply the *Shelton* test, Hoffman implies as much by asserting that *Shelton* is not binding authority and *Melaleuca*—an order from this Court cited by both sides—is inapposite to this situation. *See* Dkt. 68, at 4–5. Hoffman is correct that the Ninth Circuit has not adopted the *Shelton* test, but it nevertheless applies to the scenario at hand.

Indeed, on various occasions, this Court has applied the *Shelton* test, concluding that its rationale is sound and that the elements outlined therein both have and have not been established. *E.g.*, *Melaleuca, Inc. v. Bartholomew*, No. 4:12-cv-00216-BLW, 2012 WL 3544738, at *1–2 (D. Idaho Aug. 16, 2012) ("[T]he *Shelton* test and its reasoning are sound."); *compare Stevens v. BYU – Idaho*, No. 4:16-CV-530-BLW, 2020 WL 2841775, at *2–3 (D. Idaho June 1, 2020) ("BYU-I has established each of the *Shelton* factors."), *with Cryer v. Idaho Dep't of Labor*, No. 1:16-cv-00526-BLW, 2018 WL 1474059, at *2 (D. Idaho Mar. 26, 2018) (concluding that the plaintiff failed to "demonstrate that the

information he seeks is relevant and crucial to the preparation of the litigation, and that deposing counsel is the only means by which he" could obtain the information).

Several federal circuit courts have adopted and employed the *Shelton* test as well. *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002); *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1112 n.15 (10th Cir. 2001); *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999) (assuming the applicability of the *Shelton* test and applying it). *But see In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71 (2d Cir. 2003) (criticizing the *Shelton* test as overly rigid).

And numerous Ninth Circuit courts—a majority of them when this Court is included—have endorsed the *Shelton* test. *Shaughnessy v. LVNV Funding, LLC*, No. 20-CV-1809-DMS-WVG, 2021 WL 1238876, at *2 (S.D. Cal. Apr. 2, 2021); *Silver v. BA Sports Nutrition, LLC*, 2020 WL 6342939, at *2 (N.D. Cal. Oct. 29, 2020); Monster Energy Co. v. Vital Pharm., Inc., No. 518CV01882JGBSHKX, 2020 WL 2405295, at *9 (C.D. Cal. Mar. 10, 2020); *Hanover Ins. Co. v. Terra S. Corp.*, No. 218CV00675KJDEJY, 2019 WL 5963986, at *3 (D. Nev. Nov. 12, 2019); *Broyles v. Convergent Outsourcing, Inc.*, No. C16-775-RAJ, 2017 WL 2256773, at *2 (W.D. Wash. May 23, 2017); *O'neal v. Century Ins. Co.*, No. 13-00058 ACK-RLP, 2015 WL 12697659, at *2 (D. Haw. July 9, 2015); *Redding v. Prosight Specialty Mgmt. Co.*, No. CR 12-98-H-CCL, 2014 WL 12783297, at *2 (D. Mont. Feb. 3, 2014).

Accordingly, to the extent Hoffman believes that the Court should not apply the *Shelton* test, Hoffman is incorrect. This Court and many others have applied it in this

situation, and the rationale of the *Shelton* test is directly at issue. Hoffman has not satisfied the first or third element of the *Shelton* test. As explained, other means exist to obtain the information Hoffman seeks. And, at this juncture, Meuleman's testimony is not crucial to Hoffman's case. Either ground, provides a basis for the Court to quash the subpoena.

## V. CONCLUSION

For the foregoing reasons, Meuleman need not testify at the trial. The subpoena is quashed. The Court must do so because it imposes an undue burden on Meuleman and Plaintiffs. The Court also exercises its discretion to quash the subpoena because Hoffman has not satisfied the *Shelton* test. This ruling is without prejudice, however, because it is conceivable that Meuleman's testimony could become necessary at the trial. For example, one of the other witnesses may not be able to answer something that Meuleman did as part of the negotiations such as what he meant in one of the emails, which states that "[a]ll is acceptable" regarding the proposed changes. Thus, depending on how the testimony unfolds, Hoffman may be allowed to move to compel Meuleman to testify at trial.

## VI. ORDER

IT IS HEREBY ORDERED:

1. Plaintiffs' Motion to Quash a Trial Subpoena of Wayne Meuleman (Dkt. 65) is **GRANTED**.

DATED: July 23, 2021

_____
David C. Nye
Chief U.S. District Court Judge