UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SBP LLLP, an Idaho limited liability limited partnership; JRS PROPERTIES III LP, an Idaho limited partnership; and J.R. SIMPLOT FOUNDATION, INC., an Idaho corporation,<br><br>      Plaintiffs,<br><br>v.<br><br>HOFFMAN CONSTRUCTION COMPANY OF AMERICA, an Oregon corporation,<br><br>      Defendant. | Case No. 1:19-cv-00266-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiffs SBP LLLP, JRS Properties III LP, and J.R. Simplot Foundation, Inc.'s (collectively, "Simplot") Motion for Attorneys' Fees. Dkt. 86. Simplot also submitted a Bill of Costs requesting certain costs be taxed against Defendant Hoffman Construction Company of America ("Hoffman"). Dkt. 87.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc.

MEMORANDUM DECISION AND ORDER - 1

Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to GRANT Simplot's Motion for Attorneys' Fees and the Bill of Costs. The Court awards attorneys' fees in the amount of $175,373.77, and costs in the amount of $6,031.25.

## II. BACKGROUND

Hoffman removed Simplot's Amended Complaint for Declaratory Judgment and Stay of Arbitration to federal court under the diversity jurisdiction of 27 U.S.C. § 1332 and 28 U.S.C. § 1441 for declaratory relief and a stay of arbitration. *See generally* Dkts. 1; 1-2. Initial motion practice resulted in Simplot prevailing on an early motion for Temporary Restraining Order and Preliminary Injunction to stay arbitration for 28 days. Dkt. 27. On January 17, 2020, the Court granted an extension of the preliminary injunction to stay arbitration until the Court issued its decision on the merits. Dkt. 32. On January 29, 2021, the Court denied summary judgement to Hoffman. Dkt. 56. Thereafter, the Court held a bench trial on July 28–29, 2021, and took the matter under advisement. On January 24, 2022, the Court issued its findings of facts and conclusions of law in favor of Simplot, concluding that no arbitration agreement existed under the Agreement between Simplot and Hoffman. Dkts. 84, 85.

Simplot has now filed a Motion for Attorneys' Fees pursuant to Fed. R. Civ. P. 54(d), Dist. Local R. 54.2, Idaho R. Civ. P. 54(e)(1), and Idaho Code § 12-120(3) and (5). Dkt. 86. Simplot argues that as the prevailing party, it is entitled to attorneys' fees. In its Motion, Simplot asks for a total of $175,373.77 in attorneys' fees.[1] Dkts. 86, at 2; 86-2, at

---

[1] This total amount is comprised of all attorneys' fees requested, including those requested for preparation of the instant motion and reply.

MEMORANDUM DECISION AND ORDER - 2

4; 86-4, at 2; 93-1, at 2. Simplot also asks for an additional $6,031.25 in costs. Dkt. 87-1, at 2. Hoffman argues that—for various reasons—the amount of attorneys' fees should be reduced by a total of $29,258.00; however, it does not dispute the costs. Dkt. 91.

### III. LEGAL STANDARD

In general, each party to a lawsuit bears its own attorney fees unless Congress has provided otherwise through statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). As this Court's subject matter jurisdiction is based on diversity, Idaho state law applies. *Clark v. Podesta*, No. 1:15-CV-00008-CWD, 2017 WL 4855845, at *2 (D. Idaho Oct. 26, 2017) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 34, (1991); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 n. 31 (1975)). Simplot specifically requests attorney fees under section 12-120(3) of the Idaho Code, which provide as follows:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

Hoffman does not dispute that Simplot is the prevailing party, that this suit arises out of a commercial transaction, or that Section 12-120 applies in this case. Dkt. 91, at 2, 5. Rather, Hoffman posits that Simplot expended an unreasonable number of hours on this case and that some of the requested fees do not relate directly to this case.

In the Ninth Circuit, the following evidentiary burdens govern fee motions:

> The applicant has an initial burden of production, under which it must 'produce satisfactory evidence' establishing the reasonableness of the requested fee. This evidence must include proof of market rates in the relevant community (often in the form of affidavits from practitioners),

MEMORANDUM DECISION AND ORDER - 3

and detailed documentation of the hours worked. If the applicant discharges its legal obligation as to the burden of production, the court then proceeds to a factual determination as to whether the requested fee is reasonable. In the usual case, that factual determination will involve considering both the proponent's evidence and evidence submitted by the fee opponent 'challenging the accuracy and reasonableness of the facts asserted by the prevailing party.'

*Seachris v. Brady-Hamilton Stevedore Co.*, 994 F.3d 1066, 1077 (9th Cir. 2021) (citing *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015)) (cleaned up). Here, Simplot has the initial burden of production to show proof of the market rate in the community and detailed documentation of the hours work. Having met that burden, the Court proceeds to make a factual determination as to whether the requested fees are reasonable.

## IV. DISCUSSION

A reasonable rate is the rate that will "compensate counsel at the prevailing rate in the community for similar work; no more, no less." *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1158 (2018). The calculation of a reasonable fee award involves a two-step process. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, a court calculates the presumptive fee award, also known as the "lodestar figure," by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *Id.* (citing *Hensley*, 461 U.S. at 433). Second, in "appropriate cases," the court may enhance or reduce the lodestar figure based on an evaluation of the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975), that were not taken into account in the initial lodestar calculation. *Intel Corp. v. Terabyte Intern., Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (cleaned up). The Ninth Circuit has cautioned that there is a

"strong presumption" that the lodestar figure represents a reasonable fee and that adjustments upward or downward are "the exception rather than the rule." *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1384 (9th Cir. 1990).

### A. Lodestar calculation

*1. Reasonable Hourly Rate*

To determine a reasonable hourly rate, the district court looks to hourly rates prevailing in the relevant legal community. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam). Generally, the forum district represents the relevant legal community. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

The relevant legal community in this case is Boise, Idaho, because Simplot's Amended Complaint was filed in Ada County and Hoffman removed the case to the Southern Division of the District of Idaho. Here, the attorneys and staff involved request the following rates: Joe Meuleman—$235–$280 per hour; Wayne Meuleman—$340–$350 per hour; and Joseph Southers—$190 per hour. Attorneys Joe Meuleman and David Krueck submitted affidavits stating that these are reasonable rates in Boise, the relevant community where the case was filed. Hoffman does not dispute the reasonableness of the rates requested by Simplot's attorneys (Dkt. 172-1, at 3), and the Court finds they are reasonable.

*2. Calculation of Hours*

Hoffman disputes, however, the number of hours that should be recoverable. The prevailing party has the burden of submitting time records to justify the hours claimed. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *as amended by* 808

F.2d 1373 (9th Cir. 1987). "Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Id.* (citing *Hensley*, 461 U.S. at 433–34). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434. However, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Thus, the question here is whether the time spent on this litigation, a total of 671.30 hours by Simplot's attorneys,[2] was reasonable. Simplot submitted lengthy documentation of all hours worked on this matter, including the date, attorney, hours, hourly rate, total amount billed, and a description for each billing entry. Dkts. 86-2; 86-4; 93-1. Additionally, Simplot attorneys voluntarily chose not to bill $5,807.00 of services to Simplot and properly did not include these services in its request for fees here. Dkt. 86-2, at 5.

Hoffman objects to the number of hours claimed by Simplot's attorneys on several grounds. Hoffman argues that not all hours are reasonably incurred because some of the fees incurred: (a) are unrelated to Simplot's successful claim; (b) are associated with unrelated legal actions (mediation efforts); (c) are unnecessary (joint defense agreement);

---

[2] Hours computation includes all hours worked by Joe Meuleman (352.6), Wayne Meuleman (144), and Joseph Southers (143.4) in this case (Dkt. 86-2, at 4) plus Joe Meuleman's additional hours spent on the motion for attorney fees and bill of costs (18.7) (Dkt. 86-4, at 2), and hours for Simplot's reply (12.6) (Dkt. 93-1, at 2).

MEMORANDUM DECISION AND ORDER - 6

and (d) are related to unnecessary witness testimony and time spent at trial. Each objection will be addressed below.

    a. <u>Damages related to the underlying dispute</u>

Hoffman objects to Simplot's attorney's fees related to evaluating the damages claimed by Hoffman in its Demand to Simplot that ultimately triggered this action. In short, Hoffman asserts that fees related to the underlying dispute are not recoverable in this action. In so arguing, Hoffman conflates the Ninth Circuit's analysis of situations where one party prevailed on certain claims and failed to prevail on others, and where one party prevailed on every claim asserted. Had the breach of contract claim alleged in Hoffman's demand been brought before this Court and determined, then the Court would analyze the issue from the former lens. However, that is not the posture of the instant case. The instant case involves one claim, upon which Simplot prevailed.

Hoffman's reduction request may be characterized as an assertion that the relief obtained by Simplot was limited in nature. "When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Hensley*, 461 U.S. at 437. Here, Simplot prevailed on each motion in the instant case and ultimately at trial. Thus, it cannot be said that the nature of the relief obtained was limited. The Court understands that Hoffman believes that its underlying damages claim is separate from the instant case and should prevent Simplot from recovering fees related specifically to that issue. However, the instant case is clearly related to the underlying dispute.

MEMORANDUM DECISION AND ORDER - 7

The issue before the Court was whether the parties agreed to arbitrate contract disputes. The issue of arbitrability would not have arisen without the underlying contract dispute. Essentially, the parties argued over how to solve the underlying dispute. Simplot prevailed on each of these motions. In the course of advocating for one's client, it would be ill-advised for counsel to pursue such a costly debate about how to resolve a contract dispute without first evaluating the potential merits and expenses of that underlying damages dispute. The entirety of Simplot's requested relief was granted. As such, for prevailing on each issue before the Court, its fees awarded should be equally complete.

    b. <u>Mediation</u>

Hoffman next alleges that Simplot's mediation efforts related, again, to Hoffman's underlying claim instead of the issue of arbitrability and, as a result, Simplot should not recover fees related to mediation—including those incurred in anticipation of, and during, mediation. Dkt. 91, at 4–6. Simplot responded to this objection in conjunction with Hoffman's first objection to fees relating to the underlying dispute because Simplot attorneys analyzed the underlying dispute in preparation for mediation. Dkt. 93, at 5. Though subject to much of the same analysis as the first objection, the Court notes an additional point that relates to mediation specifically.

Although it ultimately engaged in mediation efforts, by Hoffman's own summary, Simplot declined to mediate on multiple occasions. Dkt. 1-1, at 3. Considering Hoffman contractually forced Simplot's hand to engage in mediation related to this action, the costs incurred in attending that mediation were reasonably incurred in this dispute. There is no requirement that the parties settle their case when they attend mediation. However, had the

mediation been fruitful, the parties would have also resolved the issue in this case. The Court declines to reduce Simplot's fees to exclude those related to mediation.

    c. Joint defense agreement

Hoffman contends time spent preparing a joint defense agreement was unnecessary because the Simplot entities "had a common position and no conflicts." Dkt. 91, at 8–9. Simplot counters that the joint defense agreement related to this cause of action and preserved attorney-client privilege. Dkt. 93, at 6. Because the defendants jointly defended this case and attorney client privilege deserves adequate preservation, the Court finds this objection unpersuasive and will not reduce the attorneys' fees award on this basis.

    d. Witness fees and trial time

Next, Hoffman argues that Simplot's witness preparation and trial fees requested should be significantly reduced based on the witness's testimony offered. Specifically, Hoffman contends that trial testimony from Simplot witnesses Scott Simplot and Mark Bowen unreasonably prolonged trial because they lacked personal knowledge of the arbitration clause contract negotiations.

Simplot offered a total of three witnesses (Dkt. 91, at 2) and the duration of trial extended over only two days, which in no part suggests that trial was unreasonably prolonged by excessive witnesses or excessive testimony. Notably, Simplot prevailed in this action based on its trial strategy and presentation, which included selecting these witnesses for trial. Therefore, the Court finds that the time spent on preparing witnesses for trial and at trial was reasonable.

Moreover, what stands out in this request is how arbitrary the fee reduction is.

Hoffman calculates that this request is worth approximately a $10,000 reduction in attorney fees, but fails to point to specific fees that it wants reduced or eliminated. It simply states that this amount relates to about one day of witness preparation and one day of testimony. The Court will not reduce the fee award based on this argument. The Court has reviewed the time entries and finds they are sufficiently detailed to give an accurate sense of the tasks performed in this litigation.

### B. Kerr Factors

"The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in 'rare' and 'exceptional' cases." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). An adjustment to the lodestar amount must be supported by both "specific evidence" on the record and detailed findings. *Id.* This is not a rare or exceptional case where the lodestar amount is unreasonably low or high based on an evaluation of the length and requirements of the proceedings. The Court will therefore award Simplot the lodestar amount of $175,373.77 in attorney fees.

### C. Costs

Federal Rule of Civil Procedure 54(d) "generally provides for an award of costs to the prevailing party. A Rule 54(d)(1) award includes taxable costs, and a Rule 54(d)(2) award of attorney's fees may include 'nontaxable expenses.'" *Gomez v. Reinke*, 2008 WL 3200794, at *16 (D. Idaho 2008).

    1. *Bill of Costs*

In its Bill of Costs (Dkt. 87), Simplot seeks costs in the amount of $6,031.25. These

costs are comprised of clerks and service fees ($227.63), trial transcripts ($592.90), deposition costs ($2,664.95), and witness fees ($2,545.77). *Id.* The Court finds the Bill of Costs is sufficiently supported, undisputed by Hoffman, and the costs outlined in the bill of costs are approved.

## ALLOWED COSTS

Undisputed Costs:

| | |
|---|---:|
| Clerks and Service Fees: | $227.63 |
| Trial Transcripts: | $592.90 |
| Deposition Costs: | $2,664.95 |
| Witness Fees: | $2,545.77 |
| **TOTAL BILL OF COSTS:** | **$6,031.25** |

## V. CONCLUSION

After a full review of the parties' submissions in this case, the arguments presented, and all relevant caselaw, the Court awards Simplot the following costs and fees:

| | |
|---|---:|
| Attorney fees: | $175,373.77 |
| Bill of Costs: | $6,031.25 |

## VI. ORDER

The Court HEREBY ORDERS:

1. Simplot's Motions for Attorneys' Fees (Dkts. 86; 93) are GRANTED as outlined above.

2. The Court awards Simplot attorneys' fees in the amount of $175,373.77.

3. The Clerk of the Court is directed to tax additional costs in the amount of $6,031.25.

MEMORANDUM DECISION AND ORDER - 11

4. The Court will enter an Amended Judgment reflecting this award.

5. Hoffman has 30 days to comply with this Order.

DATED: April 19, 2022

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 12