UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SBP LLLP, an Idaho limited liability limited partnership; JRS PROPERTIES III LP, an Idaho limited partnership; and J.R. SIMPLOT FOUNDATION, INC., an Idaho corporation,<br><br>Plaintiffs,<br>v.<br><br>HOFFMAN CONSTRUCTION COMPANY OF AMERICA, an Oregon corporation,<br><br>Defendant. | Case No. 1:19-cv-00266-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiffs SBP LLLP, JRS Properties III LP, and J.R. Simplot Foundation, Inc.'s (collectively, "Simplot") Motion to Alter Judgment. Dkt. 116. Defendant Hoffman Construction Company of America ("Hoffman") opposes the Motion. Dkt. 120.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to DENY the Motion.

## II. BACKGROUND

Simplot brought this lawsuit to determine whether an arbitration agreement existed between the parties. *See generally* Dkt. 1. Following a two-day bench trial, the Court entered its Findings of Facts and Conclusions of Law holding there was no arbitration agreement between the parties. *See generally* Dkt. 84.

Because Simplot argued that no arbitration agreement existed between the parties, the Court entered Judgment in Simplot's favor (Dkt. 85) and awarded Simplot its fees and costs as the prevailing party (Dkt. 94).

Hoffman appealed (Dkt. 88) and the Ninth Circuit ultimately reversed the Court, holding there *was* an agreement to arbitrate (Dkt. 99).

In light of the Ninth Circuit's reversal, on September 22, 2023, the Court entered an order vacating: (1) its Findings of Fact and Conclusions of Law; (2) its order on fees and costs; and (3) the Judgments. Dkt. 101. Pursuant to the Ninth Circuit's directive, the Court also stayed this action pending arbitration. *Id*.

On November 29, 2023, Hoffman filed a Motion to Clarify the Court's September 22, 2023, Order. Dkt. 104. Hoffman explained that it wanted to seek fees and costs—as the new prevailing party—but that it could not do so because the Court: (1) stayed the case and (2) did not enter final judgment in its favor. Simplot opposed the Motion arguing the Court had stayed the matter *on purpose* subject to the parties engaging in (and completing) arbitration.

In its subsequent decision, the Court explained that both parties were overthinking

the Court's vacatur and stay. The Court stayed the matter pursuant to the Ninth Circuit's Mandate. But it also always intended for Hoffman to be able to seek its fees and costs. It then held:

> [U]pon review, the Court finds that a stay of this case is unnecessary. Simplot brought this action in federal court for the sole purpose of determining arbitrability. That matter is now resolved. The Ninth Circuit has held the parties must arbitrate pursuant to the terms of their contracts. Thus, there is no reason to stay this case pending the outcome of arbitration because *regardless of what happens in arbitration, there is nothing more to do here.*
>
> The purpose of a stay under 9 U.S.C. § 3 is to pause federal court proceedings when "the issue involved . . . is referrable to arbitration . . . ." As noted, the claims in this case concerned whether the parties had contracted to arbitrate in the first place. That question has not been referred to arbitration; nor will it be. The "issue" that is being arbitrated between the parties—as the Court understands it—is whether Hoffman is liable for certain costs and delays associated with the construction and improvement of real properties located in Idaho. But the distinct issue that was before this Court—whether the parties contracted to arbitrate—has already been decided. So a stay is unnecessary because: (1) the subject matter of the arbitration is unrelated to this litigation, and (2) once arbitration is complete, there is no need for the parties to come back to this Court for any further proceedings.

Dkt. 114, at 4–5 (emphasis in original).

The Court issued that order on May 9, 2024. *Id.* On May 16, 2024, the United States Supreme Court issued a decision about arbitration and staying lawsuits in district court under the Federal Arbitration Act ("FAA"). Simplot now asks the Court to revisit its decision claiming the Court's holding conflicts with this new Supreme Court guidance. Hoffman opposes Simplot's efforts to alter the Court's judgment, asking that it be allowed to file its motion for fees and costs and arguing that this matter should be conclusively resolved. The Court agrees with Hoffman.

MEMORANDUM DECISION AND ORDER - 3

### III. DISCUSSION

Simplot believes the Court must revisit its prior holding considering recent Supreme Court caselaw. In *Smith v. Spizzirri*, the Supreme Court held: "When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." 601 U.S. 472, 475–76 (2024). Citing this, Simplot contends the Court erred in dismissing the instant suit because the matter was subject to arbitration. Not so.

The problem in this case is the dispute *is not subject to arbitration.* While somewhat difficult to explain, the actual dispute here—i.e. the purpose of this federal lawsuit—was to determine whether the parties had contracted to arbitrate. But that issue has not, nor will it ever, actually go to arbitration.

The underlying claims that Simplot and Hoffman are taking to the arbiter relate to a contract dispute (or so the Court thinks).[1] Critically, those claims were never brought here in federal court. *Had* Simplot brought those claims—that is to say, had Simplot brought its actual breach of contract claims—and had the Court found those claims were subject to an arbitration clause, it would have followed the FAA, bowed out of adjudicating the dispute, directed the parties to pursue arbitration, and stayed the case pending resolution.

---

[1] This observation proves the Court's point. It does not even know what the underlying dispute is about because it was not a part of this federal lawsuit. And to be clear, there are two claims in this case: (1) for declaratory relief concerning the dispute resolution provision, and (2) to stay Hoffman's arbitration demand pending the resolution of whether arbitration was applicable. Dkt. 1-3, at 4–5.

But that is not what happened. Simplot never brought any contract claims. It brought a claim to determine arbitrability. And that has reached finality (via the Circuit Court's decision and Simplot's election not to request certiorari from the Supreme Court). In other words, the only question that was the subject of this lawsuit is resolved. Nothing in the present lawsuit about whether the parties contracted to arbitrate will go before the arbiter. There is nothing "arbitrable" left requiring that the Court enter a stay and wait for something to happen in arbitration. As the Court noted before, "regardless of what happens in arbitration, there is nothing more to do here." Dkt. 117, at 4.

Section 3 of the FAA outlines that federal actions should be stayed when the issues in the action are "referable to arbitration." 9 U.S.C. § 3. But again, the sole issue in this case (arbitrability) is not referable to arbitration. Simply put, the language of Section 3 isn't applicable under the circumstances.

Simplot brings up the Supreme Court's explanation in *Smith* that a stay, and not dismissal, is necessary pending arbitration because, if the case was dismissed outright, the losing party would have the right to appeal. *See Smith*, 601 U.S. at 477–78. And not only did congress specifically want to curtail appeals pending arbitration, but if the case is dismissed and appealed, that process would overlap with the arbitration proceedings and cause confusion.

This is exactly right. But again, that scenario would never play out in this case because the decision to arbitrate was the subject of this case; not the underlying disputes now heading to arbitration. Furthermore, there is nothing to appeal when the Court

dismisses this case because that appeal already occurred.[2] The language in *Smith* that the purpose of a stay is to leave open the possibility that the parties "can return to federal court if arbitration breaks down or fails to resolve the dispute" is not applicable here because the matters in arbitration here cannot **return** to federal court because they were never in federal court to begin with. *Id*. at 477. If something were to go wrong in arbitration, Simplot (or Hoffman) would have to file a new lawsuit. This suit was simply a question of whether the parties contracted to arbitrate. And that issue has been resolved.

## IV. CONCLUSION

This lawsuit was about whether the parties agreed to arbitrate. But that dispute is not arbitrable. The Court did not send that question to arbitration. Thus, Section 3 of the FAA simply does not apply under the circumstances.

The Court reiterates what it held before: this lawsuit does not involve an arbitrable dispute. The Court did not send the dispute in this case—whether the parties had agreed to arbitrate—to arbitration. Nor will it ever. That determination has already been made. That was what this case was about. Having resolved that question, however, there is no need to stay proceedings here. As the Court already noted: it truly does not matter *at all* what happens in the arbitration proceeding on the underlying claims. It will have no bearing whatsoever on this lawsuit. This lawsuit is done.

The Court will not alter or amend its prior decision. This case is ready for finality.

---

[2] And again, the parties cannot "appeal" the underlying contract disputes or the arbitration regarding them because those disputes are not a part of this case.

MEMORANDUM DECISION AND ORDER - 6

The Court will not go so far as to say Simplot's Motion to Alter was frivolous—after all, *Smith* was a change in law and Simplot needed to be exhaustive in its representation. But the Court was clear in its prior order about why a stay was not applicable or necessary in this case. *Smith* did not materially change that analysis because the facts of this case are different from the facts at issue in *Smith*. Simplot did not need to relitigate something that had only marginal relevance on the current dispute.

The Court will issue a decision on Hoffman's Motion for Fees and Costs in short order. It needs, however, Hoffman's final calculation of hours spent in conjunction with this motion. *See* Dkt. 121, at 10–11.

## V. ORDER

1. Simplot's Motion to Alter Judgment (Dkt. 116) is DENIED.

DATED: September 9, 2024

David C. Nye
Chief U.S. District Court Judge