UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SBP LLLP, an Idaho limited liability limited partnership; JRS PROPERTIES III LP, an Idaho limited partnership; and J.R. SIMPLOT FOUNDATION, INC., an Idaho corporation,<br><br>Plaintiffs,<br>v.<br><br>HOFFMAN CONSTRUCTION COMPANY OF AMERICA, an Oregon corporation,<br><br>Defendant. | Case No. 1:19-cv-00266-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Hoffman Construction Company of America's ("Hoffman") Bill of Costs (Dkt. 117), Motion for Attorney Fees (Dkt. 118) and Second Motion for Attorney Fees (Dkt. 126). Plaintiffs SBP LLLP, JRS Properties III LP, and J.R. Simplot Foundation, Inc.'s (collectively, "Simplot") does not oppose Hoffman's Bill of Costs, but does oppose the two motions for attorney fees. Dkts. 119, 123, 127.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to

GRANT in PART and DENY in PART the Motions for Attorney Fees and GRANT the Bill of Costs.

## II. BACKGROUND

Simplot brought this lawsuit to determine whether an arbitration agreement existed between the parties. *See generally* Dkt. 1. Following a two-day bench trial, the Court entered its Findings of Facts and Conclusions of Law holding there was no arbitration agreement between the parties. *See generally* Dkt. 84. Consistent with this determination, the Court entered Judgment in Simplot's favor. Dkt. 85. The Court subsequently awarded Simplot its fees and costs as the prevailing party (Dkt. 94) and entered a corresponding Amended Judgment. Dkt. 97.

Hoffman appealed (Dkt. 88) and the Ninth Circuit ultimately reversed the Court, holding there *was* an agreement to arbitrate (Dkt. 99). The Ninth Circuit awarded Hoffman its fees on appeal. Dkt. 112.

In light of the Ninth Circuit's reversal, on September 22, 2023, the Court entered an order vacating: (1) its Findings of Fact and Conclusions of Law; (2) its order on fees and costs; and (3) the Judgments. Dkt. 101. Pursuant to the Ninth Circuit's directive, the Court also stayed this action pending arbitration. *Id*.

On November 29, 2023, Hoffman filed a Motion to Clarify the Court's September 22, 2023, Order. Dkt. 104. Hoffman explained that it wanted to seek fees and costs—as the new prevailing party—but that it could not do so because the Court: (1) stayed the case and (2) did not enter final judgment in its favor. Simplot opposed the Motion, arguing the Court

had stayed all aspects of the case subject to the parties engaging in (and completing) arbitration.

In its subsequent decision, the Court explained that both parties were overthinking the Court's vacatur and stay. The Court stayed the matter pursuant to the Ninth Circuit's Mandate. But it also stated it never meant to foreclose Hoffman from seeking fees and costs. *See generally* Dkt. 114. To move things forward, the Court entered Judgment in Hoffman's favor. Dkt. 115.

The Court issued those orders on May 9, 2024. *Id.* On May 16, 2024, the United States Supreme Court issued a decision about arbitration and staying lawsuits in district court under the Federal Arbitration Act ("FAA"). Simplot then asked the Court to revisit its decision staying the case and alter the Judgment, claiming the Court's holding conflicted with this new Supreme Court guidance. Dkt. 116. Hoffman then filed its Bill of Costs (Dkt. 117) and Motion for Attorney Fees (Dkt. 118). Hoffman also opposed Simplot's efforts to reconsider its decision or alter the Judgment, asserting the Court's decision and Judgment was not affected by the intervening Supreme Court decision and that it should be allowed to seek fees and costs. Dkt. 120.

Ultimately, the Court agreed with Hoffman and denied Simplot's Motion to Alter or Amend Judgment. Dkt. 125. As part of that decision, the Court noted it would take up Hoffman's motion for fees and costs in due course but needed a "final calculation of hours spent" considering the Motion to Alter came *after* Hoffman's first request for fees. *Id.* at 7. Hoffman filed a second Motion for Attorney Fees to comply with the Court's directive.

MEMORANDUM DECISION AND ORDER - 3

Dkt. 126.

## III. LEGAL STANDARD

### A. Idaho Code § 12-120(3)

Under Idaho Code § 12-120(3), the Court must award reasonable attorney's fees to the prevailing party in a civil action to recover on a contract relating to the purchase or sale of merchandise, or in any other commercial transaction unless otherwise provided by law. The statute defines a commercial transaction as "all transactions except [those] for personal or household purposes." *Id.* To determine if attorney's fees should be awarded pursuant to § 12-120(3), the Court must analyze: (1) if there is a commercial transaction that is integral to the claim; and (2) if the commercial transaction [is] the basis upon which recovery is sought. *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 36 P.3d 218, 223 (Idaho 2001). "In other words, the relevant inquiry is whether the commercial transaction constituted 'the gravamen of the lawsuit.'" *Garner v. Povey,* 259 P.3d 608, 615 (Idaho 2011) (citing *Great Plains*, 36 P.3d at 224).

### B. The Lodestar Method

"After establishing that a plaintiff is entitled to attorney's fees, the Court must calculate a reasonable fee award." *Animal Legal Def. Fund v. Otter*, 2016 WL 2910266, at *2 (D. Idaho May 18, 2016). To calculate a reasonable fee award, courts in the Ninth Circuit use the two-step "lodestar method." *Mares-Orozco v. Guzman*, 2023 WL 5179674, at *4 (D. Idaho Aug. 10, 2023) (citing *Edmo v. Idaho Dep't of Corr.*, 2022 WL 16860011, at *2 (D. Idaho Sept. 30, 2022)). The lodestar method multiplies the number of hours

reasonably expended on the litigation by a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018). To establish the requested hours and rate are reasonable, the "burden is on the party seeking the fee award and can be carried by submitting evidence and documents supporting the hours worked." *Id.* (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992)).

### IV. DISCUSSION

Simplot began its objection to Hoffman's Motion for Fees by arguing Hoffman would not be the prevailing party if the Court granted its Motion to Alter or Amend and vacated the Judgment. Dkt. 119, at 2–4. Insofar as the Court denied Simplot's Motion to Alter or Amend, the Judgment remains intact, and Hoffman is the prevailing party.[1]

The Court will address Hoffman's Motions for Attorney Fees first, and then touch briefly on Hoffman's Bill of Costs.

#### A. Attorney Fees

Before analyzing Hoffman's rates, some additional background is necessary.

It its first Motion for Attorney Fees, Hoffman outlines the rates of its attorneys and paralegals, the number of hours those individuals worked on this case, and suggested an award in the amount of $204,670.00 is appropriate. Dkt. 118-1. The rates requested range from $285-$575 per hour for licensed attorneys,[2] and $180-$195 per hour for paralegals.

---

[1] Simplot does not dispute this case revolves around a commercial transaction or that Idaho Code § 12-120(3) applies.

[2] It appears a summer clerk (a second-year law school student) billed 4.75 hours at $210 an hour. Dkt. 118-3, at 5.

MEMORANDUM DECISION AND ORDER - 5

In response, Simplot does not dispute the number of hours worked, but rather the amounts charged. It alleges some of the hourly rates—specifically those above $350 per hour for attorneys Douglas Oles and Deborah Wilson—are excessive for the Boise area and that the total award should be reduced by around $37,000.00. Dkt. 123. As the basis for this argument, Simplot relies on the Ninth Circuit's prior ruling awarding Hoffman its fees on appeal. Notably, the Ninth Circuit relied on two cases out of Idaho—*Dickinson Frozen Foods, Inc. v. FPS Food Process Solutions*, 2021 WL 2444157 at *15 (June 15, 2021) *aff'd*, 2023 WL 6866273 (9th Cir. Oct. 18, 2023) and *Composite Res., Inc. v. Rood*, 2023 WL 2354831, at *7 (D. Idaho Mar. 3, 2023)—and the rates awarded in *those* cases to reduce Hoffman's requested rates on appeal to better align with the Boise, Idaho, market. Based upon its calculations, Simplot reduced Oles's rate downward by 8% and postures a similar 8% reduction should be applied to the other attorneys who worked on this case. Simplot calculated the $37,000.00 in allegedly excessive fees by applying this 8% reduction.

As part of its reply, Hoffman explains that while its attorneys' rates may be on the higher end of the Boise legal market, they are not so unreasonably high as to warrant a $37,000.00 reduction. That said, Hoffman agreed to reduce its rates to those used by the Ninth Circuit. Dkt. 121. However, because the Circuit *approved* rates of up to $450 per hour for Oles, Hoffman's reduction is much smaller than that Simplot proposes. Using the Ninth Circuit's rates, Hoffman reduced its request down to $193,060.50 ($11,609.50 less than its original request). *Id*. at 10. Hoffman also requested an addition $6,365.00 in fees

MEMORANDUM DECISION AND ORDER - 6

incurred since the first Motion was originally filed. *Id*. at 11.

As noted, after the Court resolved Simplot's Motion to Alter or Amend Judgment, Hoffman filed a Second Motion requesting the fees incurred in opposing Simplot's Motion. Dkt. 126. Therein, Hoffman requests an additional $10,905.00 in fees. *Id*. at 3. Simplot again objected, asking that the Court limit the rates to those outlined by the Ninth Circuit. Dkt. 127. In reply, Hoffman reiterated that its rates were reasonable. Dkt. 128. However, unlike before, it did not agree to reduce this request to the Ninth Circuit levels.

The Court now turns to the merits of Hoffman's argument. As already explained, the only objection is to the reasonable hourly rate of *some* of the attorneys. Thus, the Court finds all other factors (calculation of hours, result, etc.) have been met.

To determine a reasonable hourly rate, the district court looks to hourly rates prevailing in the relevant legal community. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam). Generally, the forum district represents the relevant legal community. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The relevant legal community in this case is Boise, Idaho, because Simplot's Amended Complaint was filed in Ada County, and Hoffman removed the case to the Southern Division of the District of Idaho.[3]

---

[3] As the Court recently reiterated, that counsel hales from *outside* of Boise does not change the fact that Boise is the relevant legal community. *See J.R. Simplot Company v. McCain Foods USA, Inc*., 2024 WL 2348217 (D. Idaho Jan. 17, 2024) (explaining that even though federal patent law was involved, the "relevant forum is, nonetheless, the District of Idaho"); *cf*. Nw. *Bldg. Components, Inc. v. Adams*, 2023 WL 4628196, at *6 (D. Idaho July 18, 2023) (cleaned up) (chastising counsel for using rates from Portland, Oregon, when the "relevant community on which he *should* have based his calculations is Boise, Idaho, where the forum district is located") (emphasis in original).

MEMORANDUM DECISION AND ORDER - 7

The Court has reviewed the billing records submitted by Hoffman. The Court feels the Ninth Circuit was accurate in its conclusion. First, the Ninth Circuit relied on recent District of Idaho cases to determine the appropriate rates. Second, the Court is well aware of rates in Boise and can attest the individual rates requested for each attorney based on his or her experience in this case are representative of the market. A brief recitation, therefore, will suffice.

Hoffman retained the law firm of Smith Currie Oles LLP. With 86 attorneys in 10 offices across the United States, Smith Currie Oles is comparable to the "large regional offices" in the Boise market with which the Court is familiar.[4]

Simplot's primary objection is that two senior partners—Oles and Wilson—billed higher rates than those acceptable in Boise. As touched on above, Simplot concluded the difference between the requested rates and the rates the Ninth Circuit awarded was about 8% year over year. Based upon that calculation, they ask that the Court reduce Oles, Wilson, and three associates' hourly rates downward.

The Court will, in fact, reduce Oles's rate down to the level set by the Ninth Circuit. It will also adjust Wilson's recent rate downward slightly. But the Court will not reduce the other attorneys rates in tandem because they are already reasonable.

---

[4] Hoffman originally retained the firm of Oles Morrison Rinker & Baker, LLP. That firm merged with Smith Currie & Hancock LLP in August 2023. Regardless, the Court has reviewed the firm (before and after merger) and finds it is comparable in size, skill, and expertise to similar firms in Boise.

MEMORANDUM DECISION AND ORDER - 8

Attorney Oles has been practicing since 1979. His rates of between $430 and $460 are reasonable.[5]

Attorney Wilson was admitted in 1991. Her rates of between $380 and $410 per hour are reasonable.[6]

The three associates who worked on this case were admitted in 2013, 2014, and 2018, and charge between $230 and $335 per hour respectively.[7] Four years ago, the Court held an attorney at Stoel Rives who was admitted in 2010 was entitled to $330 per hour. *Dickinson Frozen Foods*, 2021 WL 2444157at *15. Thus, the associate rates requested here are reasonable.

Simplot did not object to Hoffman's local counsel's rate ($375 per hour for attorney Daniel Bower, who was admitted in 2005). The Court finds this rate reasonable.

Simplot also did not object to any paralegal fees requested. The Court finds these rates (between $155-195 per hour) are reasonable as well. *See id*. at *16.

Now, the Ninth Circuit was focused on the years 2022/2023—the years of the appeal—in determining the appropriate hourly rate. In other words, the Circuit did not weigh in on Oles or Wilsons' prior rates (or obviously, their future rates). As part of its concession to reduce rates consistently with the Ninth Circuit's award, Hoffman reduced

---

[5] The Ninth Circuit found the rates of $430-$450 were reasonable for Oles. As will be explained shortly, the Court will allow a $10 increase for Oles's current rates. Thus, the acceptable range is $430-$460.

[6] The Ninth Circuit found the rates of $380-$400 were reasonable for Wilson. Again, as will be explained shortly, the Court will allow a $10 increase for Wilson's current rates. Thus, the acceptable range is $380-$410.

[7] One of these associates became a partner in 2021, with an increased rate of $350 per hour. The Court finds this acceptable as well.

MEMORANDUM DECISION AND ORDER - 9

Oles's 2022/2023 rate of $450 per hour by $10 per hour for each of the prior years. The Court finds this is an acceptable methodology. But Hoffman jumped up $50 per hour (to $500 per hour) for 2023-2024, when they should have gone to $460 per hour to remain consistent. In like manner, Hoffman bumped Wilson's 2023 rate of $400 per hour rate up to $425 per hour whereas $410 per hour would be more consistent.

Considering the above, the Court finds as follows.

The Court will reduce the original request downward—as Hoffman already has done—in accordance with the Ninth Circuit's prior award in this case. Additionally, the Court will adjust Oles's 2023-2024 rate down from $500 per hour to $460 per hour. That results in a reduction of $348.00 (8.7 hours billed times $40 reduction per hour). It will also reduce Wilson's 2024 rate down from $425 per hour to $410 per hour. That results in a reduction of $459.00 (30.6 hours billed times $15 reduction per hour). Dkt. 121, at 7.

As noted, as part of its reply, Hoffman sought additional fees incurred since the original filing. Again, the Court will reduce Oles's 1 hour spent to $460 per hour and Wilson's 13.8 hours spent to $410 per hour. This results in a reduction of $40 for Oles (1 hour times $40 reduction) and $207 for Wilson (13.8 hours times $15 reduction). Dkt. 121-1, at 5.

In like manner, the Court will reduce Hoffman's Second Motion downward to conform with these findings. To wit, Oles requested fees at a rate of $575 per hour. The Court will reduce that hourly rate down to $460 resulting in a reduction of $931.50 (8.1 hours times $115 reduction per hour). The Court will also reduce Wilson's rate down from

$425 per hour to $410 per hour. This results in a reduction of $220.50 (14.7 hours times $15 reduction). Dkt. 126-2, at 4.

Thus, having reduced Hoffman's first motion to reflect the Ninth Circuit's rates *and* Oles's and Wilsons's reductions for 2023-2024, that award is $198,371.50. Having reduced Hoffman's second motion in like manner, that award is $9,753.00.

### B. Bill of Costs

In its Bill of Costs, Hoffman requests $4,545.44. Dkt. 117. Simplot does not object to these costs. Dkt. 119, at 2. The Court has reviewed Hoffman's Bill and finds all requested amounts are appropriate. Accordingly, the Court will direct the Clerk of the Court to sign the Bill of Costs as part of this decision.

## V. CONCLUSION

Hoffman is the prevailing party. Having considered the parties' arguments and making the necessary reductions, the Court finds Hoffman is entitled to $208,124.50 in attorney fees and $4,545.44 in costs. This award is reasonable and will be entered as a judgment against Plaintiffs SBP LLLP, JRS Properties III LP, and J.R. Simplot Foundation, Inc., jointly and severally.

## VI. ORDER

1. Hoffman's Motion for Attorney Fees (Dkt. 118) and Second Motion for Attorney Fees (Dkt. 126) are GRANTED in PART and DENIED in PART as outlined above. The Court awards Hoffman's fees in the amount of $208,124.50.

2. The Clerk of the Court is directed to tax additional costs in the amount of

$4,545.44.

3. The Court will enter a separate amended judgment reflecting this award.

4. Simplot has 30 days to comply with this Order.

DATED: March 31, 2025

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 12